**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LOUIS JARAMILLO,

      Plaintiff,

  vs.                                                                      CIV-01-1003 RLP/DJS

CITY OF ALBUQUERQUE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

1.  This matter comes before the court on the Motion of Defendant, City of Albuquerque ("City" herein) for Summary Judgment pursuant to Fed. R. Civ. P. 56. [Docket No. 22]. Plaintiff, Louis Jaramillo ("Mr. Jaramillo" herein), alleges race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. and 42 U.S.C. §1991. City contends (1) that a majority of Plaintiff's claim is barred by the statute of limitations, and (2) that Plaintiff can not establish a *prima facia* case of discriminatory failure to promote. For the reasons stated below the motion is granted in part and denied in part.

### STANDARD OF REVIEW FOR SUMMARY JUDGMENT

2.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In evaluating a motion for summary judgment, the court views the evidence and draws all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Martin v. Kansas*, 190 F.3d 1120, 1129 (10th Cir.1999). The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. *See Adams v. American Guarantee*

*and Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir.2000); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (stating that moving party may satisfy its burden by "pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."). Once the movant meets its burden, the nonmovant must identify evidence that would enable a trier of fact to find in the nonmovant's favor. *See Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.1992).

## UNDISPUTED FACTS

3. Mr. Jaramillo is an Hispanic male who has been an employee of the City since September 1988. During the course of his employment he has applied for eleven promotions. He contends that he did not receive promotions on numerous occasions due to gender and/or race discrimination.

4. There is disagreement between the parties as to the number of unsuccessful applications for promotion Plaintiff made. Plaintiff's Complaint cites to one unsuccessful application in 1992, five in 1994, one in 1997, one in 1998 and one in 2000. Defendant contends there were four unsuccessful applications in 1994, one in 1998, and one in 2000. Plaintiff's Response to Defendant's Motion for Summary Judgment admits that he did not receive 6 of 11 promotions applied for, then discusses seven applications for promotion, four in 1994, one in 1997, one in 1998 and one in 2000.

5. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC" herein) on February 22, 2001, following an unsuccessful application for promotion to the position of Associate Director, Environmental Health in 2000. This is the only complaint Plaintiff filed with the EEOC.

## ANALYSIS

## TIME BAR TO RECOVERY FOR ALLEGED FAILURE TO PROMOTE

6. It is well established that "under Title VII a plaintiff must file an administrative charge with the EEOC within 300 days after the alleged act of discrimination." *Goodwin v. General Motors Corporation*, 275 F.3d 1005, 1009 (10th Cir. 2002) citing *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir. 1993). "This time bar is a prerequisite to a civil suit under Title VII." *Martin v. Nannie & the Newborns, Inc.,*, 3 F.3d at 1414, citing *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974). Mr. Jaramillo's complaint to the EEOC was filed on February 22, 2001. Therefore, he may recover only for acts of discrimination occurring on or after April 28, 2000. *See Bennett v. Quark, Inc.*, 258 F. 3d 1220, 1225 ( 10th Cir. 2001) (recognizing that the cut-off date is determined by subtracting 300 days from the date upon which the plaintiff filed a discrimination charge with the EEOC); *Deflon v. Danka Corp. Inc.*, 1 Fed. Appx. 807, 813, 2001 WL 13260, *4 (10th Cir. 2001) (same).

7. Mr. Jaramillo does not raise the continuing violation doctrine[1] in an attempt to avoid the limitations period. Rather, he states that the failures to promote him prior to November 2000 are "provided . . . in order to establish the City's blatant pattern of discrimination against Plaintiff, which resulted in the denial of his promotion in November 2000. . . " and are relevant to the City's "intent

---

[1] The continuing violation doctrine " 'permits a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations of Title VII if such incidents are sufficiently related [to events occurring within the time limitations period] and thereby constitute a continuing pattern of discrimination.' " *Mascheroni v. Board of Regents of the Univ. of Cal.,* 28 F.3d 1554, 1557 (10th Cir. 1994) (alteration in the original) (*quoting Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994). Evaluation of a claim for continuing violation involves "several nonexclusive considerations, including (i) subject matter - whether the violations constitute the same type of discrimination; (ii) frequency; and (iii) permanence - whether the nature of the violations should trigger an employee's awareness of the need to assert (his) rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate." *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1415. Plaintiff has addressed none of these considerations.

to discriminate" in November 2000. [Docket No. 24, p. 5].

8. Defendant is entitled to summary judgment as to any claim for discriminatory failure to promote prior to April 28, 2000. I do not at this time rule on whether or not evidence related to failures to promote prior to April 28, 2000 is admissible. *See Goodwin v. General Motors Corp.*, 275 F.3d at 1012-1013.

## PRIMA FACIE CASE OF DISCRIMINATORY FAILURE TO PROMOTE

9. City contends that Mr. Jaramillo has failed to prove a *prima facie* case of discriminatory failure to promote.

> "To carry the initial burden of establishing a *prima facie* case of race discrimination for a failure to promote claim, the plaintiff must typically show that he or she (1) belongs to a minority group; (2) was qualified for the promotion; (3) was not promoted; and (4) that the position remained open or was filled with a non-minority."

*Simms v. Oklahoma ex rel. Dept of Mental Health*, 165 F.3d 1321, 1328 (10th Cir. 1999), *quoting Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1534 (10th Cir. 1995).

10. With regard to the remaining claim of discriminatory failure to promote, the following facts are not disputed: Mr. Jaramillo applied for the job of Associate Director, Environmental Health in 2000. A male applicant, Ken Newton, was selected over him. Mr. Newton had worked for the City for 17-18 years, compared with Mr. Jaramillo's 14 years of experience. [Docket No. 23, p. 3, ¶5f; Docket No. 24 p. 2 ¶9]. It is presumed for the purposes of this motion that Mr. Newton is non-Hispanic. Mr. Jaramillo testified that the job of Associate Director, Environmental Health, was advertised as requiring an individual with experience in epidemiology and public health, who would also do research, and that his Master's degrees in public health and microbiology gave him these

4

qualifications. [Docket No. 23, Ex. B, p. 59-60].[2] Plaintiff asserts that he was qualified for all position for which he applied, and at times more qualified than the individuals that were promoted over him. [Docket No. 24, p. 2, ¶10, and Ex. A, p. 69-70].

11. The City predicates its attack on the sufficiency of Mr. Jaramillo's *prima facie* showing on the issue of his qualifications for the position sought, arguing that his testimony on this issue is irrelevant. The City is mistaken. "A plaintiff satisfies (his) *prima facie* burden of showing (he) is qualified by presenting some credible evidence that he possesses the objective qualifications necessary to perform the job at issue." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1194 (10th Cir. 2000). *Accord Anderson v. Zubieta*, 180 F.3d 329, 342 (D.C.Cir.1999) (holding that a plaintiff can satisfy his prima facie burden by demonstrating that he possesses those "objective qualifications that can be shown to be truly required to do the job at issue"); *Williams v. Boorstin*, 663 F.2d 109, 117 (D.C.Cir.1980) ("The prima facie showing relates qualifications of the particular employee to performance requirements of the particular job."); *Powell v. Syracuse Univ.*, 580 F.2d 1150, 1155 (2d Cir.1978) ("In the context of this case, [plaintiff] has demonstrated that she possesses the basic skills necessary for the performance of her job, and has thereby made out a prima facie showing of competence."). Mr. Jaramillo provided the only evidence as to the qualifications for the job of Associate Director, Environmental Health. (See ¶10, *supra*). Based on this evidence, I find that Mr. Jaramillo has demonstrated that he was qualified for the position.

12. Because Mr. Jaramillo has made the required *prima facie* showing, "the burden of production

---

[2]Neither Plaintiff's educational background nor the qualifications for the position of Associate Director, Environment Health were set out by either party as an undisputed fact. Given the standard of review required for Motion for Summary Judgment, I will consider his testimony on these matter to be undisputed.

5

shifts to (the City) to demonstrate some 'legitimate, nondiscriminatory reason' " for not promoting him. *See Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The City has not presented evidence as to its reasons for choosing Mr. Newton over Mr. Jaramillo. The record before the court indicates that Mr. Newton has been a city employee longer, but does not address whether that was the City's reason for promoting him over Mr. Jaramillo.

13. Once a non-discriminatory reason is offered, the burden shifts back to Mr. Jaramillo to show that a genuine issue of material fact exists has to whether the City's proffered reason is pretextual and not worthy of belief. *See Burdine*, 450 U.S. at 256. It is at this point that Mr. Jaramillo's own opinion as to the superiority of his qualifications over those of Mr. Newton is irrelevant. *See Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Services,* 165 F.3d 1321, 1329 (10th Cir. 1999). We have, however, not reached that point.

14. For the above stated reasons, Defendant City of Albuquerque's Motion for Summary Judgment [Docket No. 22] is granted as to any claim for discriminatory failure to promote arising from incidents occurring prior to April 28, 2000. The remainder of City's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

_____
RICHARD L. PUGLISI
United States Magistrate Judge
(Sitting by designation)